UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EMC MORTGAGE CORP.,** | ) | **CASE NO. 1:07CV271** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **GARNETTE REDUS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon consideration of the Notice of Removal (ECF DKT # 1) filed on January 31, 2007 based upon diversity jurisdiction. For the reasons that follow, the above-captioned Complaint is remanded to Cuyahoga County Common Pleas Court.

**I. BACKGROUND**

On May 21, 2002, Liberty Savings Bank ("Liberty") filed a foreclosure action in Cuyahoga County Common Pleas Court against Defendant, Garnette Redus ("Redus"). Liberty moved to substitute EMC Mortgage Corporation ("EMC"), the purchaser of the mortgage note, as Plaintiff. Substitution was granted on June 4, 2004. Redus claims that the

motion to substitute did not disclose that EMC is a citizen of the state of Texas. On October 4, 2005, EMC was granted leave to amend and add New Party Defendant, Susan Stephens, Trustee of the Garnette Redus Qualified Personal Residence Trust. According to Redus, the Summons and Amended Complaint again failed to disclose that EMC is a citizen of the state of Texas. Redus received a telephonic ruling from the state court magistrate on January 4, 2007 that the EMC representative could be deposed by telephone from Dallas, Texas. Thereafter, on January 31, 2007, Redus filed the within Petition for Removal.

## II. LAW AND ANALYSIS

### Diversity Jurisdiction

Diversity of citizenship permits a citizen of one state to sue a citizen who resides in another state in federal court. *Pierce v. Norfolk & Southern Railway*, No. 1:05CV0190, 2005 WL 1114437, at *1, (N.D. Ohio May 9, 2005), *citing Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Diversity has been interpreted to mean complete diversity. *Pierce, id.*; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). No party can share citizenship with an opposing party. *Pierce, id.*; *Caudill v. North American Media Corp.*, 200 F. 3d 914, 916 (6th Cir. 2000). Pursuant to 28 U.S.C. § 1441(b):

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. ***Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*** (Emphasis added).

### Notice of Removal

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially

been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930).

> Under 28 U.S.C. § 1446(b):
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter . . . .

In *J.L. McGuire & Assocs. v. Innovative Ceramics, Inc.*, 63 F.Supp. 2d 841, 842 (N.D. Ohio Aug. 26, 1999), U.S. District Judge Carr considered whether certain situations could stay the period in which removal must be sought: "No provision for tolling of the thirty day period is to be found in § 1446. *Kurt Orban Co. v. Universal Shipping Corp.*, 301 F.Supp. 694 (D.Md. 1969). The removal statue is to be strictly construed. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (because federal courts are courts of limited subject matter jurisdiction, removal statutes are strictly construed)." Thus, it is well-settled if

a defendant does not act upon his rights in a timely manner, his right of removal will be lost. "It has long been held that the right of removal 'is given only to a defendant who promptly avails himself of the right at the time of appearance, by declining to plead and filing his petition for removal.'  *West v. Aurora City*, 73 U.S. 139, 142, 18 L.Ed. 819, 6 Wall. 139 (1867)."  *J.L. McGuire*, 63 F.Supp. 2d 843.

Yet, in *Green v. Clark Refining & Marketing, Inc*., 972 F.Supp. 423, 425 (E.D.Mich. Aug. 15, 1997), it is noted:

> However, 28 U.S.C. § 1446(b) expressly permits an 'extension' of the 30-day requirement if it is not apparent from the initial complaint that the case is removable.  In that situation, a defendant may rely upon subsequently received information, but when that subsequently received information alerts a defendant to the fact that the case is removable, defendant has 30 days from receipt of the information to file a Notice of Removal.

"[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings."  *Curry v. U.S. Bulk Transport, Inc*., 462 F.3d 536, 539 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).  28 U.S.C. § 1447 (c) recites in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded."  (Emphasis added).

In the instant case, EMC was substituted as party plaintiff on June 4, 2004.  Minimal inquiry by Defendant Redus would have revealed the citizenship/domicile of EMC Mortgage Corporation.  This is particularly true of a corporate entity which is required to register with the Secretary of State for states in which it intends to conduct business.  There has been no showing that EMC misled Redus or represented itself to be an Ohio corporation.  Therefore, the Court finds no extenuating circumstances justifying an extension of the thirty-day time

limit for removal, especially by a period of over two years. By sitting on his rights for such a long time, Defendant Redus has waived his right to remove this action to federal court.

### III. CONCLUSION

For all of the foregoing reasons, since removal is narrowly construed, and because this Court is bound to remand an action if at any time before judgment it appears that subject matter jurisdiction is lacking, the above-captioned case is remanded to Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

**DATE: February 12, 2007**

        **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**