UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMC MORTGAGE CORP., | ) | CASE NO. 1:07CV271 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| GARNETTE REDUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of Defendant, Garnette Redus ("Redus"), to Reconsider, or in the alternative, Motion to Vacate Order Under Federal Rule of Civil Procedure 60(B)(1) and (2); as well as the Motion (ECF DKT #10) of Substitute Plaintiff, EMC Mortgage Corporation ("EMC"), for Sanctions. For the following reasons, both motions are denied.

### I. BACKGROUND

On May 21, 2002, Liberty Savings Bank ("Liberty") filed a foreclosure action in Cuyahoga County Common Pleas Court against Defendant Redus. Liberty moved to substitute EMC, the purchaser of the mortgage note, as Plaintiff. Substitution was granted on

June 4, 2004. Redus claims the motion to substitute did not disclose that EMC is a citizen of the state of Texas. On October 4, 2005, EMC was granted leave to amend and add New Party Defendant, Susan Stephens, Trustee of the Garnette Redus Qualified Personal Residence Trust. According to Redus, the Summons and Amended Complaint again failed to disclose that EMC is a citizen of the state of Texas. Redus received a telephonic ruling from the state court magistrate on January 4, 2007 that the EMC representative could be deposed by telephone from Dallas, Texas. On January 31, 2007, Redus filed her Petition for Removal. The Petition was untimely and improper. Accordingly, the Court lacked subject matter jurisdiction; and, on its own initiative, remanded this action to the Court of Common Pleas for Cuyahoga County, Ohio on February 12, 2007. On March 5, 2007, Redus filed her Motion to Reconsider, or alternatively, to Vacate.

## II. LAW AND ANALYSIS

28 U.S.C. § 1447(c) provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. * * * A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Furthermore, pursuant to 28 U.S.C. § 1447(d): "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ."

The Opinion and Order remanding the captioned lawsuit to Cuyahoga County Common Pleas Court was entered on February 12, 2007; and a certified copy of the Order was sent to the Cuyahoga County Common Pleas Court clerk on February 20, 2007. Once that occurred, the United States District Court for the Northern District of Ohio, Eastern Division,

was divested of jurisdiction to reconsider the matter. *United States v. Rice*, 327 U.S. 742 (1946); *Hubbard v. Combustion Engineering, Inc.*, 794 F.Supp. 221, 222 (E.D. Mich.1992); *Oliver v. Sun Life Assur. Co. of Canada*, 417 F.Supp. 2d 865, 867-868 (W.D. Ky. 2006).

The Sixth Circuit, in *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056, 1060-1061 (6th Cir. 1986), quoted at length from a First Circuit diversity case; and the quoted passage bears significantly upon this Court's obligations in the instant matter.

> Removal ... to the prejudice of state court jurisdiction, is a privilege to be strictly construed, ... and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. *The action must not ricochet back and forth depending upon the most recent determination of a federal court.* ... [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has *one shot, right or wrong.*
> *In re La Providencia Development Corp.*, 406 F. 2d 251, at 252-53 (1st Cir. 1969) (emphasis added).

Were this Court vested with jurisdiction, in any event the Motion of Redus to Reconsider or Vacate would be denied, as this Court is convinced its February 12, 2007 Order of Remand was correctly decided. Defendant Redus filed the Notice of Removal well beyond the requisite thirty-day period following receipt of information that the state court case was removable. At the very latest, on December 8, 2006, Redus, and/or her counsel, received a letter revealing EMC as a Dallas, Texas resident. (Exhibit #1 to ECF DKT #10) Yet, the Petition of Removal was filed over fifty days afterward, on January 31, 2007. Moreover, as EMC points out, not all of the defendants in the action have joined in the removal petition nor consented to it in writing, as required by the rule of unanimity established by the Sixth Circuit.

*Loftis v. United Parcel Service, Inc.*, 342 F. 3d 509, 516 (6th Cir. 2003) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F. 3d 527, 553 n.3 (6th Cir. 1999).

### III. CONCLUSION

By operation of 28 U.S.C. 1447(c) and (d), the District Court is divested of jurisdiction to reconsider its Order of Remand in the captioned matter. Even if the Order were reviewed, the Court would adhere to its previous, legally-sound ruling. The Motion of Defendant Garnette Redus to Reconsider, or in the alternative, to Vacate is denied. Since this Court ordered removal on its own initiative, thus averting extensive motion practice, no sanctions will be awarded against Defendant Garnette Redus and/or her counsel. The Motion of Substitute Plaintiff, EMC Mortgage Corporation, for Sanctions is, therefore, denied.

IT IS SO ORDERED.

DATE: 4/12/07

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge

FILED
APR 12 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND